## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>**JASON DANIEL LUTTRELL,**<br><br>Debtor.<br>―――――――――――――――<br><br>**SARAH E. KRIEGER TRUST, SARAH E. KRIEGER AND EVAN KLONDAR,**<br><br>Plaintiffs,<br><br>v.<br><br>**JASON DANIEL LUTTRELL,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 23-00056-ELG**<br>**Chapter 7**<br><br><br><br>**Adv. Pro. No. _____** |

## COMPLAINT (I) TO DETERMINE
## NON-DISCHARGEABILITY OF DEBT AND (II) OBJECTING TO DISCHARGE

Creditors Sarah E. Krieger, Evan Klondar and the Sarah E. Krieger Trust ("Plaintiffs"), pursuant to 11 U.S.C. §§ 523 and 727 and Rules 4004, 4007, 7001(4) and 7001(6) of the Federal Rules of Bankruptcy Procedure, for their complaint against defendant Jason Daniel Luttrell ("Debtor" or "Luttrell") (i) seeking a determination that the debt owed by Debtor to Plaintiffs is excepted from discharge and (ii) objecting to the entry of a discharge in the above-captioned bankruptcy case, allege as follows:

_____
Katie Lane Chaverri (DC Bar No. 502976)
Jeffrey Rhodes (DC Bar No. 456371)
Tayman Lane Chaverri LLP
2001 L Street NW, Suite 500
Washington, DC 20036
kchaverri@tlclawfirm.com (202-695-8146)
jrhodes@tlclawfirm.com (202-921-4080)

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I) and (J).

4. Plaintiffs consent to entry of final orders or judgment by the bankruptcy court.

## Parties

5. Plaintiff Sarah Krieger is a natural person residing within the District of Columbia, and a creditor of the Debtor.

6. Plaintiff Evan Klondar is a natural person residing within the District of Columbia, and a creditor of the Debtor.

7. The Sarah E. Krieger Trust is a trust settled within the District of Columbia, and a creditor of the Debtor.

8. Defendant Jason Daniel Luttrell is a natural person residing within the District of Columbia and the Debtor in the above-captioned case.

## Factual Background

9. Review Development LLC ("Review") is a limited liability company organized under the laws of the District of Columbia in or about May 2012.  At all times relevant, Debtor owned 100% of the membership interests in Review.  Review is an alter ego of Luttrell.

10. On or about November 7, 2017, Plaintiffs entered into an agreement (the "Agreement") with Review for the renovation of real property located at 1419 S Street, NW, Washington, DC 20009 (the "Project").

11. Prior to entering into the Agreement, Debtor and Review made various representations regarding Debtor's and Review's licensure and their abilities that were false and that were relied upon by Plaintiffs.

12.    At the time the Agreement was executed, neither Debtor nor Review were licensed to provide the work described in the Agreement.

13.    The Agreement provides for a timeline of 2 to 16 weeks for completion of the Project and a total cost of $138,520.

14.    Over the life of the Project, the cost ballooned to $237,038.60.

15.    On December 2, 2018, Review sent a document titled "Project Invoice – Sub. Complete" detailing Review's false contention as to the status of the purported work completed and the then-existing payments.

16.    In 2019 and 2020 and continuing thereafter, Debtor and Review were in financial distress.

17.    In 2019 and 2020, Debtor and Review borrowed funds pursuant to short-term loans from merchant cash advance (MCA) lenders to fund operations.  Debtor would also receive transfers of funds from his mother to meet Review's payroll and other obligations.

18.    In or about February or March of 2020, while still managing and operating Review, Debtor took a part-time job working for AllenBuilt, Inc. ("AllenBuilt"), a general contractor and design/build firm operating in the Washington, D.C. metropolitan area.

19.    At the time he started working for AllenBuilt, Debtor held a personal bank account at Wells Fargo bank.  Although he had his own bank account, at Debtor's direction, AllenBuilt deposited all of Debtor's wages directly into a bank account solely owned by Debtor's wife, Annie Luttrell, who is not a co-obligor of the debts of Debtor or Review.

20.    On or about August 26, 2020, Michael Radkowski Raviv ("Raviv") filed a complaint against Debtor with the Consumer Protection Unit of the District of Columbia Department of Consumer and Regulatory Affairs (the "DCRA") relating to a 2018 renovation project to be performed by Debtor and Review.  The DCRA issued an investigative report stating

that Debtor "walked off the job and did not complete it," and "refuses to return the deposit or complete the work."

21.    On or about November 12, 2020, the DCRA issued a Notice of Infraction to Debtor and Review for violations of D.C. Code §§ 28-3904(e) ("misrepresent as to a material fact which has a tendency to mislead") and 28-3904(n) ("cease work on, or return after ceasing work on, an electrical or mechanical apparatus, appliance, chattel or other goods, or merchandise, in other than the condition contracted for, or to impose a separate charge to reassemble or restore such an object to such a condition without notification of such charge prior to beginning work on or receiving such object").  Mr. Raviv would later file, on or about June 23, 2022, a complaint against Debtor in the Superior Court of the District of Columbia for damages arising from the 2018 project.

22.    On November 17, 2020, Plaintiffs, by counsel, filed a *Verified Complaint* (the "Verified Complaint") against Debtor and Review in the Superior Court for the District of Columbia (the "Superior Court"), thereby commencing Case No. 2020-CA-004714-B (the "Superior Court Action").

23.    On or about December 1, 2020, Classic Hardwood Floors Inc. filed a complaint against Debtor in the Circuit Court for Montgomery County, Maryland (the "Classic Hardwood Litigation").  Debtor did not defend the Classic Hardwood Litigation, and testified under oath that he contemplated filing bankruptcy after the Superior Court Action and Classic Hardwood Litigation were filed.

24.    On December 14, 2020, Debtor and Review, by counsel, filed in the Superior Court Action their *Answer, Affirmative Defenses and Counterclaim of Defendants Review Development LLC and Jason Luttrell* (the "Counterclaims").

25.    In early 2021, while the Superior Court Action was pending, Debtor and Review continued to be in financial distress.  During this time, Review had serious cash flow problems and often had insufficient funds to cover checks written from its bank account.

26.    In early 2021, while the Superior Court Action and other litigation against him was pending and Review's business operations were in decline, Debtor stopped using his personal bank account at Wells Fargo, an account that he had held for almost two decades, and allowed the account to be closed.  Although Debtor stopped using his personal Wells Fargo account and allowed it to be closed in 2021, he testified at the meeting of creditors in this case that the account was closed in 2019.

27.    On January 4, 2021, Plaintiffs filed in the Superior Court Action (i) a motion to dismiss the Counterclaims filed by Debtor and Review, and (ii) a motion for partial judgment on the pleadings on Count I of the Plaintiffs' Verified Complaint for violation of the D.C. Consumer Protection Procedures Act.

28.    On January 19, 2021, Debtor and Review, by counsel, filed (i) an opposition to Plaintiffs' motion to dismiss Debtor's and Review's Counterclaims, and (ii) an opposition to Plaintiffs' motion for partial judgment on the pleadings.

29.    On February 17, 2021, the Superior Court denied Plaintiffs' motion to dismiss and motion for partial judgment on the pleadings.

30.    On March 3, 2021, Plaintiffs filed an answer to Debtor's and Review's Counterclaims.  Thereafter, the parties continued to litigate the Superior Court Action.

31.    On July 29, 2021, counsel for Debtor and Review in the Superior Court Action, Jackie T. Meier, filed a motion to withdraw as counsel of record.  On August 17, 2021, the Superior Court entered an order granting Ms. Meier's motion and authorized her withdrawal from the case.

32.     In or about June or July of 2021, while the Superior Court Action and other litigation against Debtor was pending, Debtor ceased operating Review.  At the meeting of creditors in this case, Debtor testified that Review ceased operating in the middle of 2020 and that the last time Debtor took a draw from Review was in 2019.

33.     In or about September of 2021, while the Superior Court Action and other litigation against Debtor was pending, Debtor took a position with Fajen & Brown, a home builder and renovator based in Hyattsville, Maryland.  At Debtor's direction, Fajen & Brown deposits Debtor's wages directly into a bank account solely owned by Debtor's wife, Annie Luttrell, who is not a co-obligor of the debts of Debtor or Review.

34.     On September 23, 2021, the Superior Court held a status hearing.  Neither Debtor nor Review appeared at the September 23, 2021 status hearing.  On September 24, 2021, the Superior Court entered an order directing Debtor and Review to appear at a status hearing scheduled for October 22, 2021 or risk the entry of default judgment against them.

35.     The Superior Court held a status hearing on October 22, 2021, at which Debtor appeared *pro se*.  The Superior Court set the matter for "ascertainment of counsel" at a further status hearing scheduled for November 19, 2021.

36.     Neither Debtor nor Review appeared at the November 19, 2021 status hearing.  The Superior Court entered default against Debtor and Review in the courtroom at the November 19, 2021 hearing.

37.     On January 31, 2022, the Superior Court held an ex parte proof hearing on Plaintiffs' motion for default judgment.  Plaintiffs Sarah Krieger and Evan Klondar appeared at the January 31, 2022 hearing, at which they were sworn in and gave testimony.

38.     On January 31, 2022, the Superior Court entered its *Order Granting Motion for Default Judgment* (the "Judgment") in favor of Plaintiffs.  The Judgment awarded Plaintiffs

damages for violation of the District of Columbia Consumer Protection Act based on representations by Debtor and Review that were false and relied upon by Plaintiffs in entering into the Agreement for the renovation Project.  Pursuant to the Judgment, the D.C. Superior Court awarded $555,012.80 to Plaintiffs, an amount that includes actual and treble damages for violation of the District of Columbia Consumer Protection Act, plus $47,029.52 for attorneys' fees and costs.

39.    Neither Debtor nor Review filed an appeal of the Judgment or a motion to alter or amend the Judgment, which is final and non-appealable.

40.    After the Judgment was entered, Plaintiffs sought post-judgment discovery from Debtor and Review.

41.    Debtor and Review actively sought to avoid responding to Plaintiffs' post-judgment discovery.  At one point, a bench warrant was issued for Debtor, and on September 30, 2022, the United States Marshalls arrested Debtor and brought him before the Superior Court for a Civil Bench Warrant Hearing.  Plaintiffs' efforts to obtain discovery from Debtor and review continued into early 2023.  Despite Plaintiffs' requests, Debtor and Review failed and refused to produce all documents requested by Plaintiffs.  The bank records that Plaintiffs were able to obtain in the post-judgment discovery and in connection with this case reveal a complex pattern of transfers over the years among accounts owned by the Debtor, Annie Luttrell, Review, and Debtor's mother, Sandra Luttrell.

42.    On February 18, 2023 (the "Petition Date"), Debtor filed a voluntary petition under chapter 7 of the United States Bankruptcy Code, thereby commencing the above-captioned bankruptcy case.

43.    From and after the closing of his personal Wells Fargo bank account in 2021 and continuing through the Petition Date, Debtor caused his employers to deposit his wages directly

into a Charles Schwab bank account (the "CSB Account") owned solely by his wife, Annie Luttrell, who is not a co-obligor of the debts of Debtor or Review.

44.     Although he is not an owner or holder of the CSB Account, Debtor exercises control over the funds in the CSB Account and uses the funds in the account to pay his personal expenses.

45.     At a Rule 2004 examination in his bankruptcy case, Debtor testified under oath that he has moved money from the CSB Account to a Charles Schwab brokerage account owned by his wife, Annie Luttrell, and that Debtor has bought and sold stocks in the brokerage account.

46.     Debtor failed to list in his Schedules any ownership interest in any stocks or in any brokerage account.

47.     In his Statement of Financial Affairs, Debtor listed a legal action with Prince Funding, identifying the "nature of the case" as a "Judgment," but not indicating whether the status of the case was pending, on appeal, or concluded.  In his Schedule E/F, Debtor listed an unsecured nonpriority claim of Prince Funding in the amount of $0.00, but provided no other information concerning the claim.  At his Rule 2004 examination, Luttrell testified that Prince Funding was an MCA lender that obtained a judgment against him "for some dollar amount," but Debtor was unable to provide information about the amount of the judgment, the amount he borrowed from Prince Funding, or when he borrowed the funds.

48.     In his Schedule E/F, Debtor listed a claim of the U.S. Small Business Administration based on an EIDL Loan in the amount of $75,000.  At the meeting of creditors in this case, Debtor testified that the obligor on the EIDL Loan was Review, and that Debtor did not personally guarantee the EIDL Loan.

49.     On or about August 18, 2021, Jackie T. Meier, the attorney who represented Debtor and Review in the Superior Court Action, filed a claim against Debtor and Review in the Superior Court of the District of Columbia for unpaid attorneys' fees in the approximate amount of $2,300

(the "Meier Claim").  Although Debtor never paid the Meier claim and does not dispute that he owes money to the Meier Law Firm, Debtor failed to disclose the Meier Claim in his Schedules.

50.     Debtor resides in a home located in the District of Columbia that is solely owned by his wife, Annie Luttrell, and that is encumbered by a mortgage under which Annie Luttrell is the obligor.

51.     Debtor is not an obligor on the mortgage encumbering the home owned by his wife, Annie Luttrell.

52.     In his Schedule J filed in this case, Debtor claimed that his monthly rental or home ownership expenses for his residence is $1,500.00.  This statement is false, because as Debtor testified at his Rule 2004 examination, the mortgage is paid from funds in the CSB Account.

**COUNT I**

**DETERMINATION OF
NONDISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

53.     Plaintiffs incorporate by reference the allegations in the foregoing paragraphs as if fully set forth herein.

54.     Section 523(a)(2)(A) provides, in relevant part, that a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

55.     Debtor incurred debts to the Plaintiffs.

56.     Debtor's debts to Plaintiffs were incurred by false pretenses, one or more false representations, or actual fraud.

57.     Prior to entering into the Agreement, Debtor represented that Debtor and Review were licensed to provide the work described in the Agreement, when at the time the Agreement was executed, neither Debtor nor Review were licensed to provide such work.

58.     Prior to entering into the Agreement, Debtor and Review represented themselves to have significant experience in renovation projects such as the Project at issue.

59.     In connection with the marketing of their services to Plaintiffs, Debtor and Review made material misrepresentations and material omissions.

60.     In entering into the Agreement, Plaintiffs justifiably relied on, and were damaged by, Debtor's knowing and intentional misrepresentations, including misrepresentations regarding his and Review's licensure and abilities.

61.     The Superior Court entered Judgment in favor of Plaintiffs and against Debtor (and Review) for violation of the District of Columbia Consumer Protection Act based on representations by Debtor and Review that were false and relied upon by Plaintiffs in entering into the Agreement for the renovation Project.

62.     Debtor's obligation to pay the Judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## COUNT II

### DETERMINATION THAT DEBTOR'S DEBTS ARE NOT DISCHARGEABLE PURSUANT TO 11 U.S.C. § 727(a)(2)(A)

63.     Plaintiffs incorporate by reference the allegations in the foregoing paragraphs as if fully set forth herein.

64.     Within one year before the Petition Date, Debtor transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed, property of the Debtor.

65.     Within one year before the Petition Date, Debtor caused his employer to deposit Debtor's wages directly into the CSB Account owned solely by Debtor's wife, Annie Luttrell.

66.     As of the dates of the transfers or removals of Debtor's property, Debtor had one or more unsecured creditors, including Plaintiffs.

67.     The transfer or removal of Debtor's property prevented the distribution of Debtor's property to Debtor's unsecured creditors, including Plaintiffs.

68.     Upon information and belief, Debtor, with intent to hinder, delay or defraud one or more of his creditors, transferred or removed, or permitted to be transferred or removed, Debtor's property.

69.     By transferring or removing, or permitting the transfer or removal of, Debtor's property with the intent to hinder, delay, or defraud at least one of his creditors, Debtor violated the provisions of 11 U.S.C. § 727(a)(2)(A).

**COUNT III**

**<u>DETERMINATION THAT DEBTOR'S DEBTS ARE NOT DISCHARGEABLE
PURSUANT TO 11 U.S.C. § 727(a)(3)</u>**

70.     Plaintiffs incorporate by reference the allegations in the foregoing paragraphs as if fully set forth herein.

71.     Upon information and belief, Debtor has failed to keep or preserve recorded information, including books, documents, records, and papers, relating to Review.

72.     At his Rule 2004 examination in this case, Debtor admitted that he has not kept or preserved all of Review's financial records, testifying that he has "a folder with financial documents in it" and "I don't think it's exhaustive by any extent."

73.     At the meeting of creditors and at a Rule 2004 examination in this case, Debtor was unable to provide specific information about certain of his financial affairs and made conflicting

statements about his financial affairs, including when he closed his personal bank account and when Review ceased operations.

74.     The books, documents, records, and papers relating to Review that Debtor has failed to keep or preserve are books, documents, records, and papers from which Debtor's financial condition or business transactions might be ascertained.

75.     The Debtor's failure to keep or preserve recorded information, including books, documents, records, and papers, relating to Review is not justified under all of the circumstances of the case.

76.     By failing to keep or preserve recorded information, including books, documents, records, and papers, relating to Review, Debtor violated the provisions of 11 U.S.C. § 727(a)(3).

## COUNT IV

### DETERMINATION THAT DEBTOR'S DEBTS ARE NOT DISCHARGEABLE PURSUANT TO 11 U.S.C. § 727(a)(4)(A)

77.     Plaintiffs incorporate by reference the allegations in the foregoing paragraphs as if fully set forth herein.

78.     The Debtor signed his Schedules and Statement of Financial Affairs under penalty of perjury.

79.     The Debtor's Schedules and Statement of Financial Affairs contain false statements and omissions.

80.     At the meeting of creditors and at a Rule 2004 examination in this case, Debtor made conflicting statements about his financial affairs, including when his personal bank account was closed and when Review ceased operating.

81.     At a Rule 2004 examination in his bankruptcy case, Debtor testified under oath that he has moved money from the CSB Account to a Charles Schwab brokerage account owned by his wife, Annie Luttrell, and that Debtor has bought and sold stocks in the brokerage account.

82.     Debtor failed to list in his Schedules any ownership interest in any stocks or in any brokerage account.

83.     Although Debtor never paid the Meier claim and does not dispute that he owes money to the Meier Law Firm, Debtor failed to disclose the Meier Claim in his Schedules.

84.     Although Debtor testified at the meeting of creditors in this case that he is not personally obligated to the U.S. Small Business Administration for the EIDL Loan, he listed the debt in his Schedule E/F.

85.     Debtor failed to provide in his Schedules and Statement of Financial Affairs complete information concerning a judgment in favor of Prince Funding, including the date and amount of the judgment.

86.     Debtor's statement in Schedule J that he has monthly rental or home ownership expenses in the amount of $1,500.00 is false, because Debtor is not an obligor on the mortgage encumbering the home owned by his wife, Annie Luttrell, and the mortgage is paid from funds in the CSB Account.

87.     By signing his Schedules and Statement of Financial Affairs under penalty of perjury that contained the false statements and omissions, and by making false statements at the meeting of creditors and the Rule 2004 examination in this case, the Debtor made a false oath or account in connection with the case.

88.     Upon information and belief, the Debtor's false oath or account made in connection with the case was made knowingly and fraudulently.

89.     By knowingly and fraudulently making a false oath or account in connection with the case, Debtor violated 11 U.S.C. § 727(a)(4)(A).

WHEREFORE, plaintiffs Sarah E. Krieger, Evan Klondar and the Sarah E. Krieger Trust pray for the entry of judgment against Jason Daniel Luttrell (i) determining that the Debtor's obligation to pay the Judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (ii) denying Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(3), and/or 727(a)(4)(A), (iii) awarding Plaintiffs attorneys' fees as allowable by law; (iv) awarding Plaintiffs costs of suit, and (v) granting Plaintiffs such other or further relief as just and appropriate.


Dated: July 28, 2023                        **TAYMAN LANE CHAVERRI LLP**

                                            */s/ Jeffrey Rhodes*
                                            Katie Lane Chaverri (DC Bar No. 502976)
                                            Jeffrey Rhodes (DC Bar No. 456371)
                                            Tayman Lane Chaverri LLP
                                            2001 L Street NW, Suite 500
                                            Washington, DC 20036
                                            kchaverri@tlclawfirm.com (202-695-8146)
                                            jrhodes@tlclawfirm.com (202-921-4080)

                                            *Counsel to the Sarah E. Krieger Trust, Sarah E.*
                                            *Krieger and Evan Klondar*