# EXHIBIT "C"

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **SARH E. KRIEGER TRUST et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**REVIEW DEVELOPMENT, LLC et al.,**<br><br>Defendant. | **2020 CA   004714 B**<br><br>**Judge Yvonne Williams** |

<u>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**</u>

Before the Court is Plaintiffs' Motion for Default Judgment filed on November 29, 2021. Defendants, Review Development LLC and Jason Luttrell, have not responded to the Motion or appeared in Court since an October 22, 2021 status hearing. For the following reasons, the Motion shall be **GRANTED**.

On November 17, 2020, Plaintiffs initiated this lawsuit which involves a dispute over a home renovation project. Per the Complaint, the Plaintiffs hired Review Development LLC (Review) to renovate their property. ¶ 9. Mr. Luttrell has controlling ownership of Review. ¶ 31. Plaintiffs allege that prior to entering the Agreement, Review and Mr. Luttrell represented that they were properly licensed and capable contractors, but their representations were false and relied upon in entry of the contract in violation of the D.C. Consumer Protection Act. Compl. ¶ 11. In addition, the project was not completed. ¶ 22. The Plaintiffs also allege there were several defects in the Defendants' work. *Id.* ¶ 27. Defendants filed a counterclaim, but have not been responsive since a status hearing on October 22, 2021. The Court entered a default against Defendant on November 19, 2021. On November 29, 2021, Plaintiffs filed the instant Motion for Default Judgment. Defendants did not oppose the Motion. Plaintiffs filed their documentation supporting

their request for damages on January 28, 2022. The Court held an Ex Parte Proof Hearing on January 31st, 2022 and granted the instant Motion.

Rule 12-I(e) permits, but does not require, a court to treat unopposed motions as conceded. For a substantive motion like this one, "[t]he general principle . . . is that [a conceded motion provision] may properly be utilized only where the movant has established a prima facie entitlement to relief." *District of Columbia v. Davis*, 811 A.2d 800, 804 (D.C. 2002); *see Nat'l Voter Contact, Inc. v. Versace*, 511 A.2d 393, 397 (D.C. 1986). Thus, even if a substantive motion is not opposed in whole or in part, the Court has a duty to consider its merits—but not with the degree of scrutiny that the Court would apply if the non-moving party had actually objected.

Here, based on its examination of the record, the Court concludes that Plaintiffs have established a prima facie entitlement to the relief it seeks. "[T]he entry of a default operates as an admission by the defaulting party that there are no issues of liability, leaving only damages to be determined." *See Luna v. A.E. Eng'g Servs., LLC*, 938 A.2d 744, 750 (D.C. 2007) (quotations omitted). "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis *in the pleadings* for the judgment entered." *Oliver v. Mustafa*, 929 A.2d 873, 877-78 (D.C. 2007) (emphasis in original) (quotations omitted). By failing to respond to the Motion for Default Judgment, Defendants concede the allegations, and Plaintiffs have made a prima facie case that they are entitled to damages in the amount of $224,710.80 for violation of the District of Columbia Consumer Protection Act, $82,268.00 for actual damages and treble damages in the amount of $248,034.00. The court will also award $47,029.52 for attorney's fees and costs.

Accordingly, it is on this 31st day of January 2022, hereby,

**ORDERED** that the Motion for Default Judgment shall be **GRANTED**; and it is further

**ORDERED** that default judgment shall be entered in favor of Plaintiffs Sarah E. Krieger Trust, Sarah E. Krieger, and Evan Klondar, and against Defendants Review Development, LLC and Jason Luttrell; and it is further

**ORDERED** that the Court awards $555,012.80 to Plaintiffs Sarah E. Krieger Trust, Sarah E. Krieger, and Evan Klondar against Defendants Review Development, LLC and Jason Luttrell; and it is further

**ORDERED** that the Defendants shall pay to Plaintiff's counsel $47,029.52 in attorney's fees and costs; and it is further

**ORDERED** that this case is **CLOSED**.

**IT IS SO ORDERED**.

_Judge Yvonne Williams_

Date: January 31, 2022

Copies to:

Zachary L. Chapman
Christopher Glaser
*Counsel for Plaintiff*

Copies mailed to:

Review Development, LLC
Jason Luttrell
6311 5th Street NW
Washington, DC 20011
*Defendant*