IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-56-ELG |
| | ) | (Chapter 7) |
| JASON DANIEL LUTTRELL | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| SARAH E. KRIEGER TRUST, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Case No. 23-10020-ELG |
| | ) | |
| JASON DANIEL LUTTRELL | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Comes now Jason Daniel Luttrell ("Mr. Luttrell" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12, and as and for his answer to the First Amended Complaint (I) to Determine Non-Dischargeability of Debt and (II) Objecting to Discharge (the "Complaint," as found at DE #14) filed by Sarah E. Krieger, Evan Klondar and the Sarah E. Krieger Trust (collectively, the "Plaintiffs," and each a "Plaintiff") states as follows:

**Answer**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted. And, in further answer, Mr. Luttrell consents to entry of final orders or judgment by this Honorable Court.

1

  5.  Admitted.

  6.  Admitted.

  7.  Admitted.

  8.  Admitted.

  9.  Denied.

  10.  Admitted.

  11.  Denied.

  12.  Denied.

  13.  Denied.

  14.  The Debtor is without information sufficient to admit or deny the allegations of paragraph 14 of the Complaint. Specifically, "financial distress" is a facially ambiguous term. The Debtor acknowledges, however, that Review Development LLC ("Review") ultimately failed for economic reasons.

  15.  Denied. In further answer, the Debtor notes that he did not personally receive any merchant cash advances (though he may have guaranteed some) inasmuch as he, quite plainly, was not a merchant.

  16.  Admitted.

  17.  Denied. In further answer, the Debtor notes a portion of his wages were withheld for the payment of taxes.

  18.  The Debtor is without information sufficient to admit or deny this allegation. Specifically, while there is no dispute but that a complaint was filed or a report issued, it is unclear if the complaint/report were really against the Debtor or, rather, concerned Review. Given that the

Plaintiffs have alleged Review to be the Debtor's alter ego, it is unclear if they are actively conflating the two legally distinct persons.

19. The Debtor is without information sufficient to admit or deny this allegation. As noted in paragraph 20 of the Complaint, the Debtor does not recollect pertinent details of this transaction (which does not concern the Plaintiffs or their property) and, compounding matters, a review of the Department of Buildings database for infractions does not appear to return any results consistent with the allegations of this paragraph.

20. Admitted.

21. Admitted (though the Debtor does not admit the allegations of the referenced exhibit).

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted, saving and excepting the word "often," which is ambiguous.

26. The Debtor lacks information sufficient to admit or deny the allegations of this paragraph, inasmuch as he does not know when the account was closed. As alleged, he has testified that he believed it was closed in 2019. The Debtor does not doubt that the Plaintiffs have located some records suggesting an actual closure to have occurred in 2021, and does not anticipate this being a point of material contention.

27. Denied.

28. Denied.

29. Denied as to "for example," inasmuch as such seemingly incorporates the allegations of the foregoing paragraph.

3

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. The Debtor is without information sufficient to admit or deny the allegations of this paragraph and, more specifically, notes that "ceased operating" is ambiguous. It is unclear if the Plaintiffs are referring to the last date on which the Debtor undertook client-facing business for Review or, rather, the last day on which Review was in legal existence.

40. The Debtor is without information sufficient to admit or deny the allegations of this paragraph inasmuch as he does not know what documents were obtained by the Plaintiffs in post-judgment discovery.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Denied. In further answer, the Debtor notes he is without information as to what was, or was not, said at the subject hearing, but does not doubt the Plaintiffs furnished self-serving testimony.

46. Denied. In further answer, the Debtor notes he is without information as to what was, or was not, said at the subject hearing, but does not doubt the Plaintiffs furnished self-serving testimony.

47. Denied. In further answer, the Debtor notes he is without information as to what was, or was not, said at the subject hearing, but is doubtful the Superior Court would have permitted evidence comprised facially of hearsay and falsities.

48. Denied. In further answer, the Debtor notes he is without information as to what was, or was not, said at the subject hearing, but does not doubt the Plaintiffs furnished self-serving testimony.

49. Denied. In further answer, the Debtor notes he is without information as to what was, or was not, said at the subject hearing, but does not doubt the Plaintiffs furnished self-serving testimony.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Denied.

57. Admitted.

58. Admitted.

59. The Debtor is without information sufficient to admit or deny the allegations set forth in this paragraph, as "exercises control" is ambiguous. It is not clear if the allegation is that

the Debtor sometimes influences the use of this account (which would be admitted) or that the Debtor is the sole person in control of this account (which would be denied).

60. Admitted.

61. Denied. In further answer, the Debtor notes he scheduled his stock ownership in Review.

62. Admitted.

63. Admitted.

64. The Debtor does not recollect his exact verbiage and, as such, cannot admit the quotation in this paragraph, but otherwise admits the allegation.

65. The Debtor does not recollect his exact verbiage and, as such, cannot admit the quotation in this paragraph, but otherwise admits the allegation.

66. Admitted.

67. Admitted.

68. Admitted.

69. Admitted.

70. Denied.

71. The Debtor incorporates, by reference, his answer to each and every foregoing paragraph of the Complaint.

72. Admitted.

73. Denied. In further answer, the Debtor notes he did not "incur" debts to the Plaintiffs so much as he was found to be indebted to the Plaintiffs. He does not dispute owing money on a judgment (though he maintains such has now been discharged), but he does dispute that such was "incurred" as such verbiage is connotative of a loan or similar extension of credit.

74. Denied.

75. Admitted.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. The Debtor incorporates, by reference, his answer to each and every foregoing paragraph of the Complaint.

81. Denied.

82. Admitted.

83. Denied.

84. Admitted.

85. Denied.

86. Denied.

87. Denied.

88. The Debtor incorporates, by reference, his answer to each and every foregoing paragraph of the Complaint.

89. Denied.

90. The Debtor does not recollect his exact verbiage and, as such, cannot admit the quotation in this paragraph, but otherwise admits the allegation.

91. Denied.

92. Denied.

93. The Debtor does not recollect his exact verbiage and, as such, cannot admit the quotation in this paragraph, but otherwise admits the allegation.

94. Admitted.

95. The Debtor does not recollect his exact verbiage and, as such, cannot admit the quotation in this paragraph, but otherwise admits the allegation.

96. Admitted.

97. Denied.

98. Denied.

99. Denied.

100. The Debtor incorporates, by reference, his answer to each and every foregoing paragraph of the Complaint.

101. Admitted.

102. The Debtor admits there are omissions on his schedules and statement of financial affairs.

103. Denied.

104. Admitted.

105. Denied. In further answer, the Debtor notes he scheduled his stock ownership in Review.

106. Admitted.

107. Admitted.

108. Admitted.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

**Affirmative Defenses**

113. As and for his first affirmative defense, the Debtor asserts the Complaint fails to state a claim for which relief may be granted.

114. As and for his second affirmative defense, the Debtor asserts relief herein is barred by the doctrine of unclean hands.

115. As and for his third affirmative defense, the Debtor asserts the Sarah E. Krieger Trust lacks standing to pursue this action.

116. As and for his fourth affirmative defense, the Debtor asserts relief herein is barred by the doctrine of setoff, thereby denying the Plaintiffs standing as creditors.

117. As and for his fifth affirmative defense, the Debtor asserts the claim of the Sarah E. Kriefer Trust is barred by the doctrine of champerty.

118. As and for his sixth affirmative defense, the Debtor asserts relief herein is barred by the doctrine of good faith.

119. As and for his seventh affirmative defense, the Debtor asserts that any effort to rely on the *ex parte* default findings of a state court, in a bankruptcy proceeding, is unconstitutional.

120. The Debtor reserves his right to plead such other and further affirmative defenses as may be gleaned through the discovery process and, additionally, notes that he maintains all negative defenses at law and in equity including, *inter alia*, the reality that the Plaintiffs simply cannot prove various core allegations of the Complaint because such allegations are counterfactual in nature, just as the Plaintiffs cannot establish certain core elements of the causes of action they purport to have properly pleaded.

                                                        Respectfully submitted,

Dated: November 2, 2023                    By: /s/ Maurice B. VerStandig
                                                      Maurice B. VerStandig, Esq.
                                                      Bar No. MD18071
                                                      The Belmont Firm
                                                      1050 Connecticut Avenue, NW
                                                      Suite 500
                                                      Washington, DC 20036
                                                      (202) 991-1101
                                                      mac@dcbankruptcy.com
                                                      *Counsel for the Defendant*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 2nd day of November, 2023, a copy of the foregoing was served electronically upon filing via the ECF system.

                                                      /s/ Maurice B. VerStandig
                                                      Maurice B. VerStandig