IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JASON DANIEL LUTTRELL, | ) | Case No. 23-00056-ELG |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| SARAH E. KRIEGER TRUST, SARAH E. | ) | |
| KRIEGER AND EVAN KLONDAR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 23-10020-ELG |
| | ) | |
| JASON DANIEL LUTTRELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATION OF UNCONTROVERTED FACTS**

Creditors Sarah E. Krieger, Evan Klondar and the Sarah E. Krieger Trust ("Plaintiffs"), and defendant Jason Daniel Luttrell (the "Debtor" or "Luttrell") hereby stipulate and agree to the following uncontroverted facts in connection with the above-captioned adversary proceeding:

Katie Lane Chaverri (DC Bar No. 502976)
Jeffrey Rhodes (DC Bar No. 456371)
Tayman Lane Chaverri LLP
2001 L Street NW, Suite 500
Washington, DC 20036
kchaverri@tlclawfirm.com (202-695-8146)
jrhodes@tlclawfirm.com (202-921-4080)

1. Review Development LLC ("Review") is a limited liability company organized under the laws of the District of Columbia in or about May 2012. At all times relevant, the Debtor owned 100% of the membership interests in Review.

2. On or about November 7, 2017, Plaintiffs entered into an agreement (the "Agreement") with Review for the renovation of real property located at 1419 S Street, NW, Washington, DC 20009 (the "Project").

3. In or about February or March of 2020, while still managing and operating Review, Debtor took a part-time job working for AllenBuilt, Inc. ("AllenBuilt"), a general contractor and design/build firm operating in the Washington, D.C. metropolitan area.

4. At the time he started working for AllenBuilt, Debtor held a personal bank account at Wells Fargo bank. At Debtor's direction, AllenBuilt deposited Debtor's wages directly into a bank account solely owned by Debtor's wife, Annie Luttrell, who is not a co-obligor of the debts of Debtor or Review.

5. On November 17, 2020, Plaintiffs, by counsel, filed a *Verified Complaint* (the "Verified Complaint") against Debtor and Review in the Superior Court for the District of Columbia (the "Superior Court"), thereby commencing Case No. 2020-CA-004714-B (the "Superior Court Action").

6. The Verified Complaint alleged, *inter alia*, that the Debtor and Review made various false and fraudulent representations regarding the Debtor's and Review's licensure, abilities, and performance that Plaintiffs relied upon.

7. On or about December 1, 2020, Classic Hardwood Floors Inc. filed a complaint against Debtor in the Circuit Court for Montgomery County, Maryland (the "Classic Hardwood Litigation"). Debtor did not defend the Classic Hardwood Litigation, and testified under oath that

he contemplated filing bankruptcy after the Superior Court Action and Classic Hardwood Litigation were filed.

8. On December 14, 2020, Debtor and Review, by counsel, filed in the Superior Court Action their *Answer, Affirmative Defenses and Counterclaim of Defendants Review Development LLC and Jason Luttrell* (the "Counterclaims").

9. In early 2021, while the Superior Court Action was pending, Debtor and Review continued to be in financial distress.  During this time, Review had serious cash flow problems and had insufficient funds to cover checks written from its bank account.

10. On January 4, 2021, Plaintiffs filed in the Superior Court Action (i) a motion to dismiss the Counterclaims filed by Debtor and Review, and (ii) a motion for partial judgment on the pleadings on Count I of the Plaintiffs' Verified Complaint for violation of the D.C. Consumer Protection Procedures Act.

11. On January 19, 2021, Debtor and Review, by counsel, filed (i) an opposition to Plaintiffs' motion to dismiss Debtor's and Review's Counterclaims, and (ii) an opposition to Plaintiffs' motion for partial judgment on the pleadings.

12. On February 17, 2021, the Superior Court denied Plaintiffs' motion to dismiss and motion for partial judgment on the pleadings.

13. On March 3, 2021, Plaintiffs filed an answer to Debtor's and Review's Counterclaims.  Thereafter, the parties continued to litigate the Superior Court Action.

14. On July 29, 2021, Jackie T. Meier, counsel for Debtor and Review in the Superior Court Action, filed a motion to withdraw as counsel of record.  On August 17, 2021, the Superior Court entered an order granting Ms. Meier's motion and authorized her withdrawal from the case.

15. In or about September of 2021, while the Superior Court Action and other litigation against the Debtor was pending, Debtor took a position with Fajen & Brown, a home builder and

renovator based in Hyattsville, Maryland. At Debtor's direction, Fajen & Brown deposits Debtor's wages directly into a bank account solely owned by Debtor's wife, Annie Luttrell, who is not a co-obligor of the debts of Debtor or Review.

16. On September 23, 2021, the Superior Court held a status hearing. Neither Debtor nor Review appeared at the September 23, 2021 status hearing. On September 24, 2021, the Superior Court entered an order directing Debtor and Review to appear at a status hearing scheduled for October 22, 2021 or risk the entry of default judgment against them.

17. The Superior Court held a status hearing on October 22, 2021, at which Debtor appeared pro se. The Superior Court set the matter for "ascertainment of counsel" at a further status hearing scheduled for November 19, 2021.

18. Neither Debtor nor Review appeared at the November 19, 2021 status hearing. The Superior Court entered default against Debtor and Review in the courtroom at the November 19, 2021 hearing.

19. On January 31, 2022, the Superior Court (Hon. Yvonne M. Williams) held an ex parte proof hearing on Plaintiffs' motion for default judgment and Plaintiffs Sarah Krieger and Evan Klondar appeared and gave sworn testimony.

20. At the conclusion of the hearing, Plaintiff's counsel sought $82,268 to cure the workmanship defects and a separate amount of $224,710.80 for violation of various provisions of the District of Columbia Consumer Protection Act.

21. At the January 31, 2022 hearing, Judge Williams ruled from the bench in favor of Plaintiffs with respect to $82,268 to cure the workmanship defects and $224,710.80 for violation of the District of Columbia Consumer Protection Act.

22. Rather than ruling on treble damages and attorneys' fees, Judge Williams took those aspects under advisement, stating that she would need to review the statute, facts, and testimony to determine whether treble damages were warranted under the circumstances.

23. On January 31, 2022, Judge Williams entered an Order Granting Motion for Default Judgment (the "Judgment") in favor of Plaintiffs. The Judgment awarded Plaintiffs damages for violation of the District of Columbia Consumer Protection Act. The D.C. Superior Court awarded $555,012.80 to Plaintiffs, including actual and treble damages for violation of the District of Columbia Consumer Protection Act, plus $47,029.52 for attorneys' fees and costs.

24. Neither Debtor nor Review filed an appeal of the Judgment or a motion to alter or amend the Judgment, which is final and non-appealable.

25. After the Judgment was entered, Plaintiffs sought post-judgment discovery from Debtor and Review.

26. On February 18, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the United States Bankruptcy Code, thereby commencing the above-captioned bankruptcy case.

27. From and after the closing of his personal Wells Fargo bank account in 2021 and continuing through the Petition Date, the Debtor caused his employers to deposit his wages directly into the CSB Account owned solely by his wife, Annie Luttrell, who is not a co-obligor of the debts of the Debtor or Review.

28. At a Rule 2004 examination in his bankruptcy case, the Debtor testified under oath that he has moved money from the CSB Account to a Charles Schwab brokerage account owned by his wife, Annie Luttrell.

29. At the meeting of creditors in this case, the Debtor testified that he owns an Apple watch, yet the Debtor failed to include that asset on his Schedules.

5

30. In his Schedule E/F, the Debtor listed a claim of the U.S. Small Business Administration based on an EIDL Loan in the amount of $75,000. At the meeting of creditors in this case, the Debtor testified that the obligor on the EIDL Loan was Review, and that the Debtor did not personally guarantee the EIDL Loan.

31. The Plaintiffs do not hold an interest in the EIDL Loan.

32. On or about August 18, 2021, Jackie T. Meier ("Meier"), the attorney who represented the Debtor and Review in the Superior Court Action, filed a claim against the Debtor and Review in the Superior Court of the District of Columbia for unpaid attorneys' fees in the approximate amount of $2,300 (the "Meier Claim"). Although the Debtor never paid the Meier claim and does not dispute that he owes money to the Meier Law Firm, the Debtor did not schedule Meier as a creditor in this case.

33. The Plaintiffs have no relationship with Meier.

34. The Debtor resides in a home located in the District of Columbia that is solely owned by his wife, Annie Luttrell, and that is encumbered by a mortgage under which Annie Luttrell is the obligor.

35. The Debtor is not an obligor on the mortgage encumbering the home owned by his wife, Annie Luttrell.

36. In his Schedule J filed in this case, the Debtor claimed that his monthly rental or home ownership expenses for his residence is $1,500.00.

37. At a Rule 2004 examination in his bankruptcy case, Debtor testified under oath that he has moved money from the CSB Account to a Charles Schwab brokerage account owned by his wife, Annie Luttrell.

Dated: September 16, 2024

**TAYMAN LANE CHAVERRI LLP**

*/s/ Jeffrey Rhodes*
Katie Lane Chaverri (DC Bar No. 502976)
Jeffrey Rhodes (DC Bar No. 456371)
Tayman Lane Chaverri LLP
2001 L Street NW, Suite 500
Washington, DC 20036
kchaverri@tlclawfirm.com (202-695-8146)
jrhodes@tlclawfirm.com (202-921-4080)

*Counsel to the Sarah E. Krieger Trust, Sarah E. Krieger and Evan Klondar*

**THE BELMONT FIRM**

*/s/ Maurice B. VerStandig*
Maurice B. VerStandig (Bar No. MD18071)
1050 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20036
202-991-1101
mac@dcbankruptcy.com

*Counsel to Jason Daniel Luttrell*